**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|        Plaintiff, | ) |
|        v. | ) Civil Action No. 08-0825 (RBW) |
| THE DISTRICT OF COLUMBIA, | ) |
|        Defendant. | ) |

**UNITED STATES' MOTION TO ENTER**
**CONSENT DECREE**

On May 13, 2008, the United States filed a Complaint in this action against defendant District of Columbia and lodged with the Court a proposed Consent Decree ("Decree"). The complaint seeks relief under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for reimbursement of the United States' past response costs incurred in connection with response actions to address releases and threats of releases of mercury at two high schools in the District of Columbia. The Decree obligates the District of Columbia to reimburse $600,000 of the United States' past response costs. In addition, the District of Columbia commits to verify that it is complying with its own procedures for the proper storage, removal and disposal of mercury and other hazardous substances in the District of Columbia public schools, including conducting an audit of a representative number of schools.

Notice of the Decree was published in the Federal Register on May 21, 2008, see, 73 F. Reg. 29536. The Notice provided that the United States Department of Justice would receive comments relating to the proposed Decree for a thirty-day period, which period expired on June

20, 2008. No comments were received. The United States continues to believe that the settlement is fair, reasonable and in the public interest and that it satisfies the standards set forth in this Circuit and under the governing statute. Accordingly, Plaintiff United States moves for its entry. Pursuant to Local Rule 7(m), counsel for the United States consulted with counsel for Defendant District of Columbia, who consents to this motion. Defendant has already consented to entry of the Decree without further notice, pursuant to Section XV of the Decree.

    Respectfully submitted,

    RONALD J. TENPAS
    Assistant Attorney General
    Environment and Natural Resources Division
    United States Department of Justice

    /s/
    NANCY A. FLICKINGER
    Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 7611
    Ben Franklin Station
    Washington, DC 20044
    (202) 514-5258

        /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


        /s/
DORIS D. COLES-HUFF, D.C. Bar # 461437
Assistant United States Attorney
Civil Division, Rm. E4216
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7170
Doris.Coles@usdoj.gov

Of Counsel:

ANDREW S. GOLDMAN
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency - Region III
1650 Arch Street
Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 08-0825 (RBW) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO ENTER CONSENT DECREE

The United States respectfully moves for entry of the Consent Decree lodged in the above-captioned case. Notice of the proposed Consent Decree was published in the Federal Register on May 21, 2008. See, 73 F. Reg. 29536. No comments were received. Plaintiff continues to believe that the settlement is fair, reasonable and in the public interest and that it satisfies the standards set forth in this Circuit and under the governing statute. Accordingly, Plaintiff United States moves for its entry.

BACKGROUND

This case involves the claim of the United States under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for reimbursement of its past response costs incurred in connection with response actions to address releases and threats of releases of mercury at two high schools in the District of Columbia. The first release of mercury occurred in and around Ballou High School in 2003 and the second release of mercury occurred in and around Cardozo High School in 2005.

The Consent Decree obligates the District of Columbia to reimburse $600,000 of the

United States' past response costs. In addition, the District of Columbia commits to verify that it is complying with its own procedures for the proper storage, removal and disposal of mercury and other hazardous substances in the District of Columbia public schools, including conducting an audit of a representative number of schools. If the District discovers hazardous substances in the schools which are present or maintained in a manner inconsistent with its policies and procedures, the District commits to remove and dispose of such chemicals properly, or to store and inventory them properly.

## **ARGUMENT**

Approval of a consent decree is a judicial act committed to the informed discretion of the trial court.[1] Generally, when reviewing a consent decree the standard to be applied is whether the "settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties." Environmental Defense v. Leavitt, 329 F. Supp. 2d 55, 70 (D.D.C. 2004); United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999)(court must satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest); Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d 956, 965 (3rd Cir. 1983). See also United States v. District of Columbia, 933 F. Supp. 42, 46-47 (D.D.C. 1996); Conservation Law Found. of New England, Inc. v. Franklin, 989 F.2d 54, 58 (1st Cir. 1993)(court reviews decree to ensure that it is "fair, adequate, reasonable; that the proposed decree will not violate the Constitution, a statute, or other authority; [and] that it is consistent with the objectives of Congress")(quoting Durrett v. Housing Authority of City of Providence, 896 F.2d 600, 604 (1st Cir. 1990)). This standard has been

---

[1] United States v. Hooker Chem. & Plastics Corp., 776 F.2d 410, 411 (2nd Cir. 1985).

affirmed for the review of CERCLA settlements.[2]

When considering whether to enter a proposed consent decree, district courts "should be guided by the general principle that settlements are to be encouraged." Bragg v. Robertson, 83 F. Supp. 713, 717 (S.D.W.Va. 2000), citing United States v. North Carolina, supra, 180 F. 3d at 581. "[A] trial court approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy. ... In fact, it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of consent decrees. Both the parties and the general public benefit from the saving of time and money that results from the voluntary settlement of litigation." Bragg, id.

Judicial review of a settlement negotiated by the United States is subject to the deference owed to "EPA's expertise and to the law's policy of encouraging settlement[.]" United States v. SEPTA, 235 F.3d 817, 822 (3d Cir. 2000). Indeed, this Court has recognized that the policy of favoring settlements "has particular force where . . . a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." Environmental Defense, 718 F. Supp. 2d at 70 (quoting United States v. Cannons Engineering Corp., 899 F.2d 79, 84 (1st Cir. 1990)). Moreover, the First Circuit has stated: "The relevant standard, after all, is not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful

---

[2] See, e.g., Cannons, 899 F.2d at 85 (court should enter a CERCLA consent decree if the decree "is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve")(quoting the House Report on the Superfund Amendments and Reauthorization Act of 1986, H.R. Rep. No. 99-253, Part 3 at 19 (1985), reprinted in 1986 U.S.C.C.A.N. 3038, 3042); United States v. DiBiase, 45 F.3d 541, 543 (1st Cir. 1995); United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1085 (1st Cir. 1994).

to the objectives of the governing statute." Cannons, 899 F.2d at 84; see also United States v. Rohm & Haas Co., 721 F. Supp. 666, 685 (D.N.J. 1989) ("If a settlement were required to meet some judicially imposed platonic ideal, then, of course, the settlement would constitute not a compromise by the parties but judicial fiat.  Respect for litigants, especially the United States, requires the court to play a much more constrained role.")  To be sure,  the reviewing court may approve or reject the proposed Consent Decree, but the court does not have the authority to modify the proposed Decree.   United States v. Cannons Eng'g Corp., 720 F.Supp. 1027, 1036 (D. Mass. 1989).

## CONCLUSION

Here, the Consent Decree was negotiated by sophisticated counsel under a process that was both procedurally and substantively fair.  The settlement embodied in the consent decree is fair, reasonable and consistent with the objectives of CERCLA and accordingly, the United States on behalf of EPA moves for its entry.

    Respectfully submitted,

    RONALD J. TENPAS
    Assistant Attorney General
    Environment and Natural Resources Division
    United States Department of Justice


      /s/
    NANCY A. FLICKINGER
    Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 7611

        Ben Franklin Station
        Washington, DC 20044
        (202) 514-5258


        /s/
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney


        /s/
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        /s/
        DORIS D. COLES-HUFF, D.C. Bar # 461437
        Assistant United States Attorney
        Civil Division, Rm. E4216
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 514-7170
        Doris.Coles@usdoj.gov


Of Counsel:

ANDREW S. GOLDMAN
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency - Region III
1650 Arch Street
Philadelphia, PA 19103

**CERTIFICATE OF SERVICE**

      I hereby certify that I served the foregoing by using the CM/ECF electronic filing system, as well as by serving a copy by First-Class mail, on the persons listed below on this 1st day of July, 2008.

Peter J. Nickles
George C. Valentine
Robert C. Utiger
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001

James J. Sandman
General Counsel
District of Columbia Public Schools
825 N. Capitol Street, N.E.
Washington, D.C. 20002

      /s/
DORIS D. COLES-HUFF
Assistant United States Attorney
Civil Division, Rm. E4216
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7170
Doris.Coles@usdoj.gov